IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.:

| | |
|---|---|
| Heparin Products Liability Litigation | MDL No. 1953 |

******************************

| | |
|---|---|
| Charlisa Allen, etc., | |
| Plaintiff(s) | Case No. 1:10HC60098 |
| v. | **ORDER** |
| American Capital Ltd., et al., | |
| Defendant(s) | |

This suit, which the Judicial Panel on Multi-District Litigation has referred to the undersigned, arises from the alleged administration of contaminated heparin to plaintiff's late husband, Dr. Robert Allen

Pending is the plaintiff's Renewed Motion for Suggestion of Remand. (Doc. 42). For the reasons that follow, I deny the motion.

This case is, according to plaintiff – and defendants do not dispute that representation – the last case in this MDL. As such, plaintiff argues, it is no longer coordinated or consolidated with the other cases that the JPMDL transferred to me for the limited purpose of managing pretrial proceedings prior to return of the cases to their home courts. As a result, she contends, I no longer have authority to do anything on this case – not even to adjudicate a pending motion for summary judgment raising core issues common to all cases in this MDL.

This is so, plaintiff argues, because, no other cases being still consolidated with it, there is no longer anything to coordinate with any other case.

I reject that contention. Though none of the other consolidated cases remains, the useful effects of coordination are still operative. Like the last survivor of a Tontine, the plaintiff has benefitted from membership in the assemblage – in this instance, consolidated discovery and rulings binding (whether favorable to plaintiff or not) on all parties in any of the cases in the MDL. While, unlike the survivor in a Tontine, plaintiff may want to renounce those benefits, that option is not up to her.

Most simply put, what plaintiff's motion seeks would ignore the purpose of consolidation – namely, to obtain the benefits of coordination. Among those intended and resultant benefits are efficiency (especially *vis-a-vis* discovery) and the *res judicata* significance of rulings on common procedural and substantive issues (such as product identification and time of manifestation of reaction). Granting plaintiff's motion would risk depriving the parties of the benefits so far resulting from being part of a consolidated proceeding.[1] In making her unpersuasive arguments in favor of remand, plaintiff overlooks how she has (or could have) benefitted from the MDL process.

In sum, I agree with *In re Maxim Integrated Products, Inc.,* 2015 WL 1757779, *1 (W.D. Pa.), which likewise concluded that to suggest remand of the last case in an MDL simply on that basis was neither necessary nor appropriate.

---

[1] This is so, despite plaintiff's complaints about my failure to formalize deadlines pronounced orally during a telephone conference. She claims that, though that deadline has long passed, discovery re. the common core issues is not done. But she fails to state specifically what more she wants to do with regard to *those* issues, what it might uncover, and why it would matter. While it may well be true that much more discovery needs to be done before the case is trial-ready, that contention misses the mark. No MDL deals with issues unique to the separate cases in its cohort. Rather, this MDL, like all MDLs, deals with common core issues, not those relating only to the circumstances that vary from case to case.

The same reasons that prompt me to reject plaintiff's claim that I must remand persuade me that I should not remand. To send what, under aegis of the MDL, remains to be done to a judge unfamiliar with what, some of it involving highly complex issues, has gone on before, and to leave him or her open to appeals to undo some of that in whole or part, would contradict the basic purpose of the MDL statute.[2]

There being a pending summary judgment motion, I will adjudicate that motion, and complete my assigned tasks, rather than leave some portion for someone else to finish off.

It is, accordingly,

ORDERED THAT plaintiff's motion for suggestion of remand (Doc. 42) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. United States District Judge

---

[2] The arguments of the Plaintiffs Executive Committee in its memorandum in support of the motion to remand (Doc. 48) do not persuade me that I should remand without adjudicating the motion for summary judgment. If I decide to grant that motion (which has yet to become decisional), I will have better served the interests of judicial economy (by doing, presumably, work that I, with my background in this case, will have done more efficiently than the Transferee Judge could have to reach the same result). If I deny the motion, the issues for trial will have been clarified and largely, if not entirely, defined. That, too, will ease the burden that Court will encounter in becoming prepared to try the case.

In addition, I assume that, by deciding the pending motion, I will avoid the delay that the parties might encounter were I to suggest remand to the waystation of the JPMDL. More importantly, I expect to turn to the pending motion promptly on its becoming decisional. That, I suspect, is not something the Transferee Court could do; that motion, if sent there, probably would simply fall in line behind whatever else was awaiting decision. This case will soon be six years old, and wanting to avoid further delay seems to me to be a worthwhile consideration.