David B. Rosenbaum, 009819
Dawn L. Dauphine, 010833
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, AZ  85012-2793
(602) 640-9000
drosenbaum@omlaw.com
ddauphine@omlaw.com

Leslie M. Smith, P.C., *pro hac vice*
Sarah J. Donnell, *pro hac vice*
Diana M. Watral, *pro hac vice*
J. Bluebond-Langner, *pro hac vice*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000
lsmith@kirkland.com
sdonnell@kirkland.com
diana.watral@kirkland.com
jessica.bluebond-langner@kirkland.com

***Attorneys for Defendants***

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Charlisa Allen, a single woman, as surviving spouse of Robert Allen, deceased, and as the personal representative of the Estate of Robert Allen; Joshua Allen; and Jennifer Allen,<br><br>Plaintiffs,<br><br>vs.<br><br>American Capital Ltd.; Baxter Healthcare Corporation; and Scientific Protein Laboratories, LLC,<br><br>Defendants. | Case No. 2:16-cv-02876-JAT<br><br>**DEFENDANTS' MOTION TO EXCLUDE SUZANNE PARISIAN, M.D. AND CLIFFORD SIPORIN, PH.D.** |

As the Court will recall, this is a wrongful death suit alleging that Robert Allen died from the administration of contaminated heparin, a product used to treat and prevent blood clots. This case was originally consolidated in a multidistrict litigation ("MDL") in the Northern District of Ohio, Judge James G. Carr presiding. In the MDL, all plaintiffs disclosed Suzanne Parisian, M.D. and Clifford Siporin, Ph.D. as experts who would offer "generic liability testimony about Defendants' manufacturing, production, testing, distribution, marketing, and post-marketing surveillance of Heparin." *In re Heparin Prods. Liab. Litig.*, Case No. 08-hc-60000, Doc. # 543 (N.D. Ohio Mar. 21, 2011) (attached as Ex. 1, hereafter, "Order"). In the MDL, defendants moved to exclude both experts under *Daubert* and Rule 702. In a March 21, 2011 Order, Judge Carr granted defendants' motion in part. (*Id.* at 1.) The MDL Court's Order expressly stated that it "Applie[d] to All Cases." (*Id.*)

Despite the MDL Court's order, plaintiffs' June 9, 2017 expert disclosures list Dr. Parisian and Dr. Siporin to offer some of the very opinions that Judge Carr excluded. Plaintiffs' reports for these two experts track almost verbatim the previously submitted MDL plaintiffs' reports for Dr. Siporin and Dr. Parisian. Because the MDL Court already addressed *Daubert* motions related to these experts and issued a ruling that granted in part defendants' *Daubert* motion as to these two witnesses, defendants respectfully request that this Court follow the MDL Court's ruling.

## I.   BACKGROUND

After the brief period of time in which contaminated heparin was on the market, numerous plaintiffs filed claims across the country. On June 6, 2008, the Judicial Panel on Multidistrict Litigation transferred the federal heparin products liability cases to an MDL. *In re Heparin Prods. Liab. Litig.*, 559 F. Supp. 2d 1403 (J.P.M.L. 2008). The JPML found that the MDL actions "involve[d] common questions of fact, and that centralization under Section 1407 in the Northern District

of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation," as well as "eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." *Id.* at 1404.

The parties in the MDL submitted expert reports and undertook expert discovery on conduct and causation issues that were applicable to all cases in the litigation. As part of that process, all MDL plaintiffs submitted expert reports from Dr. Siporin and Dr. Parisian.

Dr. Siporin is a microbiologist who works with pharmaceutical companies engaged in internal review and clinical trials. Plaintiffs retained Dr. Siporin to offer opinions as to whether defendants Baxter Healthcare Corporation and Scientific Protein Laboratories ("SPL") exercised appropriate standards of care in the manufacture of heparin products. Dr. Parisian is a putative regulatory expert, who for decades has worked full time as a litigation expert witness. Plaintiffs retained Dr. Parisian to offer opinions as to whether Baxter and SPL complied with FDA regulations. Dr. Siporin and Dr. Parisian submitted Rule 26 reports, and were deposed in the MDL.

The parties filed *Daubert* briefs on these generic experts. Defendants moved to exclude Dr. Parisian because: (1) her opinions amounted to nothing more than advocacy on behalf of plaintiffs, as reflected by her career as a full-time litigation expert; (2) her report consisted largely of improper narrative, followed by unsupported conclusions, and thus was unreliable and exceeded the scope of permissible expert testimony; and (3) she offered opinions about medical causation and chemistry, even though she admitted she was not an expert in these areas. (Ex. 2, Defs. Mot. to Exclude Parisian (Public Version), Doc. # 38[1]) Defendants moved to

---

[1] Defendants incorporate this prior briefing by reference into this motion. Certain exhibits to these briefs were filed under seal in the MDL. Defendants are filing the public versions of the briefs with this motion, and can provide the Court with the full set of exhibits.

2

1   exclude Dr. Siporin on the following grounds: (1) his opinions fell outside the scope
2   of his expertise; he is not a chemist, physician, or epidemiologist, but he nonetheless
3   sought to opine in these areas; (2) his opinions were unreliable because they largely
4   summarized documents and failed to demonstrate any methodology; (3) his opinions
5   were not proper expert testimony but rather consisted of legal conclusions and
6   inappropriate factual summaries. (Ex. 3, Defs. Mot. to Exclude Siporin (Public
7   Version), Doc. # 34.)

In an Order applicable to all MDL cases, the MDL Court granted in part defendants' motions. (Ex. 1, Order.) While the Order allowed Dr. Siporin to testify as to certain matters, it precluded him from testifying on the following:

- Held that Dr. Siporin "has insufficient experience to testify specifically about such dangers and safeguard[s] as to Chinese suppliers. Thus, he may not testify about other instances of Chinese products being tainted, adulterated or contaminated, such as cough syrup and dog food. His sparse and random anecdotal knowledge does not qualify him as an expert about specific problems involving Chinese suppliers."[2] (*Id.* at 8.)

- Precluded Dr. Siporin from testifying "that the conduct of Defendants indicated that they 'consciously disregarded' the welfare of patients receiving their products. Nor may he testify about the knowledge, motivations, intent or purposes of Defendants or their employees." (*Id.* at 10.)

- Precluded Dr. Siporin from "tell[ing] the jury what result to reach" on ultimate questions of liability. (*Id.* at 9.)

---

[2] It appears the Allen plaintiffs may have excluded portions of this opinion when they resubmitted Dr. Siporin's opinion.

3

With respect to Dr. Parisian, while the MDL Court allowed her to testify on certain matters, it limited her testimony as follows:

- "Dr. Parisian is not qualified to offer testimony as to medical or physiological causation issues." (*Id.* at 13.)
- She "may not give a narrative history of Heparin contamination, which must be presented through direct evidence." (*Id.* at 14.)
- She "may not offer 'ultimate question' testimony that Baxter's monitoring, quality control measures, or recalls were ineffective or inadequate." (*Id.*)
- She "may not offer opinion testimony as to the reasonableness of the Defendants' conduct. Nor may she testify concerning the state of mind, intent, knowledge, purposes, or motivations of Defendants, its employees, or the FDA." (*Id.* at 15.)

## **ARGUMENT**

The purpose of an MDL is to efficiently handle litigation that shares "common questions of fact" in order to, among other things, "promote the just and efficient conduct of the litigation" and "avoid inconsistent pretrial rulings." *In re Heparin Prods. Liab. Litig.*, 559 F. Supp. 2d at 1404. In the heparin MDL, the parties engaged in both fact discovery and expert work that went to these common questions. Plaintiffs' submission of expert reports from Dr. Siporin and Dr. Parisian were part of these efforts; as Judge Carr recognized, Dr. Siporin and Dr. Parisian sought to provide "generic liability testimony about Defendants' manufacturing, production, testing, distribution, marketing, and post-marketing surveillance of Heparin." (Ex. 1, Order) Defendants took the depositions of these experts, and the parties engaged in full expert discovery and *Daubert* briefing. The MDL Court, with years of experience in the heparin litigation, then carefully considered and granted defendants' motion in part as to these two experts. Its Order expressly applied to all cases pending in the MDL.

In spite of the MDL Court's Order, the Allen plaintiffs resubmitted expert reports for Dr. Siporin and Dr. Parisian that largely track the reports submitted in the MDL. The MDL Court's ruling applies with equal force to the Allen plaintiffs, as it did to every other case in the litigation. It would subvert the entire purpose of the MDL for the Allen plaintiffs to be able offer expert testimony that the MDL Court already excluded or to otherwise re-visit the MDL Court's prior rulings on these two experts. Indeed, courts recognize that "reversing or otherwise undermining the decision by the MDL court . . . 'could lead to the type of inconsistent pretrial rulings that Congress sought to avoid, and therefore frustrate the . . . purpose of consolidation.'" *Parkinson v. Novartis Pharm. Corp.*, 5 F. Supp. 3d 1265, 1272 (D. Or. 2014) (holding that) (citation omitted). *See also, e.g.*, *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014) (holding that remand court "properly applied the law of the case when it refused to reconsider the MDL court's rulings" and observing that allowing plaintiffs to "relitigate in the remand court . . . would frustrate the purposes of centralized pretrial proceedings") (internal citations and quotation omitted). The MDL Court's well-reasoned *Daubert* ruling as to these experts should continue to apply to the Allen plaintiffs on remand.

## CONCLUSION

Defendants respectfully request that this Court issue an order holding that the MDL Court's prior rulings on these experts apply here, and limiting the testimony of Dr. Siporin and Dr. Parisian to the extent limited by Judge Carr in the MDL.

1  DATED this 1st day of September, 2017.

                                                OSBORN MALEDON, P.A.

                                                /s/ Leslie M. Smith
                                                David B. Rosenbaum
                                                Dawn L. Dauphine
                                                2929 North Central Avenue, Suite 2100
                                                Phoenix, AZ  85012-2793

                                                Leslie M. Smith, P.C., *pro hac vice*
                                                Sarah J. Donnell, *pro hac vice*
                                                Diana M. Watral, *pro hac vice*
                                                J. Bluebond-Langner, *pro hac vice*
                                                KIRKLAND & ELLIS LLP
                                                300 North LaSalle
                                                Chicago, IL  60654

                                                ***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will serve notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Upon receipt of the Notice of Electronic Filing, a copy of the attached document and Notice of Electronic Filing will be hand-delivered to the Honorable James A. Teilborg on September 5, 2017.

/s/ Leslie M. Smith