WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlisa Allen, et al., | No. CV-16-02876-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| American Capital Limited, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to seal the entire response to Defendants' motion for summary judgment, and a further motion to seal various exhibits to the response. In this Circuit, the Court cannot conduct summary judgment proceeding as a whole (which are a substitute for the trial if the motion is granted) under seal barring a very high showing by the movant. *See Foltz v. State Farm*, 331 F.3d 1122, 1135-36 (9th Cir. 2003). As a further matter, in this Circuit, the existence of a protective order from early in the case does not justify filing summary judgment under seal. *San Jose Mercury News, Inc. v. U.S. District Court - - Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Finally, in this Circuit, to overcome the strong presumption of public access to Court records, the party seeking to file under seal must show "compelling reasons." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court of Appeals explained:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of

records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon,* 435 U.S. at 598, 98 S.Ct. 1306; *accord Valley Broadcasting Co.,* 798 F.2d at 1294. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Foltz,* 331 F.3d at 1136.

*Id.*

In this case, the motions to seal fail to make any showing, much less show compelling reasons on a document by document basis, for filing under seal. *Id.* at 1183-85. Accordingly, this Court could not possibly make the required findings to seal anything in this case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016) ("Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." (quotations and citations omitted)).

Moreover, the Court has reviewed the lodged memorandum and notes that significant portions of it are argument regarding the governing law. (Doc. 174). The Court can imagine no justification for filing case citations under seal.

Based on the motions, the Court is inclined to unseal everything. However, Local Rule Civil 5.6(e) gives the offering party the opportunity to withdraw the document, if they so choose, rather than have it unsealed. On this record, the Court does not know if the documents sought to be sealed by Plaintiff were designated confidential by Plaintiffs or Defendants. As to Plaintiffs' own documents, consistent with the Local Rule, Plaintiff will be given 5 (calendar) days to file the documents unsealed. As to Defendants' documents, Plaintiffs' counsel and Defense counsel must speak (actually talk to each other, NOT exchange written correspondence) and determine whether Defendants will withdraw the confidential designations.

If Defendants will not withdraw the designations, then, within 5 calendar days, Plaintiff shall refile the response and exhibits, unsealed, and shall redact ONLY the items subject to a confidential designation (this redacted filing is due by noon). Also within 5

days, Defendants shall file a motion to seal the information redacted by Plaintiffs, and shall make a compelling reasons showing on a document by document or sentence by sentence basis (this motion is due by 5:00 p.m.). Defendants shall lodge, under seal, Plaintiffs' unredacted response and unredacted exhibits with Defendants' motion to seal. If the Court grants the motion to seal, the Court will file the lodged documents under seal. If the Court denies the motion, the Court WILL FILE THE DOCUMENTS IN THE PUBLIC RECORD rather than deny Plaintiffs the opportunity to use the documents based on Defendants' unsupported confidential designations.[1]

Based on the foregoing,

**IT IS ORDERED** that the Motions to Seal (Docs. 172 and 173) are denied. The lodged documents at Docs. 174, 175, 176, and 177 are stricken but may remain under seal.

**IT IS FURTHER ORDERED** that the parties shall comply with this Order by Monday, November 13, 2017.

Dated this 7th day of November, 2017.

James A. Teilborg
Senior United States District Judge

---

[1] Further, like the Court in *Kamakana*, this Court does not find reliance on the protective order to be a basis for filing under seal as the parties were well aware that this case would be returned from the MDL to the Ninth Circuit. *Kamakana*, 447 F.3d at 1183 ("…we have held that [] reliance on a blanket protective order is unreasonable and is not a "compelling reason" that rebuts the presumption of access.").