**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlisa Allen, et al., | No. CV-16-02876-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| American Capital Limited, et al., | |
| Defendants. | |

Pending before the Court is Defendant Scientific Protein Laboratories' motion to seal portions of certain exhibits that are currently lodged at Doc. 187 and Doc. 187-1. (Doc. 186.)

## I. Procedural Background

On November 7, 2017, this Court rejected Plaintiffs' request to seal Plaintiffs' Controverting Statement of Facts in Opposition to Defendants Baxter Healthcare Corporation's and Scientific Protein Laboratories LLC's ("SPL") Motion for Summary Judgment and many of the accompanying exhibits. (Doc. 180; Doc. 173.) In doing so, this Court set a five-day limit for: (1) the parties to confer to determine whether Defendants would withdraw confidential designations from their documents that Plaintiffs sought to file; (2) Plaintiffs to file the aforementioned documents in an unsealed format, with redactions for information that Defendants sought to seal; and (3) Defendants to move to seal such information. (Doc. 180 at 2–3.) On SPL's request, Plaintiffs filed redacted versions of six exhibits and SPL now moves to seal the

unredacted versions of these exhibits. (Doc. 186.)

## II. Legal Standards

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To assist the public's ability to both monitor public agencies and better understand the "judicial process," there is a strong presumption in favor of public access to court documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). To overcome this strong presumption in the dispositive motion context, a party must set forth "compelling reasons" supported by specific factual findings. *Id.* at 1178. If, after balancing the party's interest against the public's interest, the Court determines that it is appropriate to seal the records, "it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

Generally, compelling reasons exist where a non-party might use the records for "improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or *release trade secrets*." *Kamakana*, 447 F.3d at 1179 (emphasis added) (quoting *Nixon*, 435 U.S. at 598). A trade secret is a "process or device for continuous use in the operation of business," and "may consist of any formula, pattern, device, or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757, cmt. b (Am. L. Inst. 1939)).

## III. Analysis

SPL moves to seal unredacted versions of six redacted exhibits attached to Plaintiffs' materials filed in opposition to SPL's motion for summary judgment. (Doc. 186 at 3.) Five of these exhibits—Exhibits 13, 14, 18, 21, and 86—discuss SPL's manufacturing and testing process, while Exhibit 97 contains SPL's customer list for

another product.

Regarding its manufacturing and testing procedures, SPL wishes to seal information in: (1) three portions of Exhibit 13 relating to: (a) its exact manufacturing processes, (b) its viral inactivation process, and (c) and quantified oxidation times, (Doc. 186 at 13; Doc. 182-3 at 6–8, 11 (redacted); Doc. 187 at 7–9, 12 (unredacted)); (2) Exhibit 14 relating to specific manufacturing differences in two of its heparin API products, (Doc. 186 at 4–5; Doc. 182-3 at 50–52 (redacted); Doc. 187 at 51–53 (unredacted)); (3) Exhibit 18 describing the specific production process for its heparin API, (Doc. 186 at 5; Doc. 182-3 at 94 (redacted); Doc. 187 at 73 (unredacted)); (4) Exhibit 21 involving a 4-step description of process validation studies and specifics of discrete steps in SPL's manufacturing process, (Doc. 186 at 6; Doc. 182-3 at 142, 195–97 (redacted); Doc. 187-1 at 58–60 (unredacted)); and (5) Exhibit 86 relating to specific information regarding dermatan sulfate testing done on its heparin API, (Doc. 186 at 6; Doc. 182-7 at 80–97 (redacted); Doc. 187-1 at 72–89 (unredacted.)) SPL represents that it has taken steps to keep this information confidential, that it continues to use substantially similar processes in manufacturing its heparin API, and that Plaintiffs do not rely on this information in their motions. (Doc. 186 at 4–6.)

After reviewing these documents, the Court finds, with one exception, that this information—which relates to the confidential specifics of SPL's manufacturing processes—constitutes trade secrets, and as such SPL has established a compelling reason that outweighs the public's interest in accessing these comparatively small portions of the record. In Exhibit 21, however, Plaintiffs did not redact "the 4-step description of process validation studies on SPL 00010196" that SPL seeks to seal. *See* (Doc. 182-3 at 142.) Therefore, because that description is already a part of the public record, it will not be sealed.

SPL also seeks to seal a customer list, contained in Exhibit 97, for its heparin API that is sourced and manufactured in the United States. (Doc. 186 at 6; Doc. 182-8 at 45 (redacted); Doc. 187-1 at 125 (unredacted.)) SPL represents that it considers its customer

list to be propriety, that it has taken steps to maintain the confidentiality of this information, and that Plaintiffs do not rely on this information in their motions. (Doc. 186 at 6.) The Court agrees that such a customer list provides SPL with a competitive advantage in the marketplace, and as such constitutes a trade secret outweighing the public's interest in accessing this miniscule part of the record.

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant Scientific Protein Laboratories' ("SPL) Motion that Portions of Certain Exhibits Remain Under Seal, (Doc. 186), is **GRANTED in part** and **DENIED in part**; the Clerk of the Court shall file under seal Doc. 187 and Doc. 187-1.

Dated this 22nd day of December, 2017.

James A. Teilborg
Senior United States District Judge